**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**ANTONIO SAUNDERS,**

               Plaintiff,           **98 Civ. 8501 (JGK)**

     - against -                **MEMORANDUM OPINION**

**COMMISSIONER GLENN S. GOORD, et al.,**     **AND ORDER**

               Defendants.
------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff has submitted a pro se motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the Judgment entered pursuant to the Court's Opinion and Order dated July 29, 2002 dismissing without prejudice the Amended Complaint, see Saunders v. Goord, 98 Civ. 8501, 2002 WL 1751341 (S.D.N.Y. July 29, 2002). The docket sheet indicates that the Judgment was entered July 31, 2002 and was mailed to counsel of record, including the attorney for the plaintiff at that time, along with a notice of the right to appeal. No notice of appeal has been entered in the docket sheet for the case, and the time for filing an appeal has long since passed. See Fed. R. App. P. 4(a). The defendants' counsel represents that the plaintiff recently submitted a notice of appeal and a motion for an extension of time. That notice, although on a form for an appeal to the Court of Appeals for the Second Circuit, was marked as received by the New York State Department of Correctional Services on February 23, 2007, more than four and a

half years after judgment was entered dismissing this case.  The plaintiff does not appear to have filed any notice of appeal to the Court of Appeals for the Second Circuit.

The plaintiff argues that his counsel misled him into thinking his case was still pending and failed to represent him as a prudent attorney would, and that this failure of representation should excuse the plaintiff's neglect in not timely appealing the dismissal.  The plaintiff also contends that he never received the Court's aforementioned Opinion and Order,[1] and he purports to argue the merits of that decision.

Rule 60(b) provides that a court may grant relief from a final judgment, order, or proceeding for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The Rule further provides that the motion "shall be made within a reasonable time, and for reasons

---

[1] The plaintiff previously wrote to the Court requesting copies of papers in the case, including the July 29, 2002 Opinion and Order.  The Pro Se Office responded to the plaintiff on March 6, 2007 advising him that his case is closed and enclosing a copy of the docket sheet and the documents he had requested.

(1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id.

The plaintiff has not indicated which of the six subsections listed above he relies upon in bringing this motion. Construing his pro se motion liberally, the Court has considered all of the reasons that might support his motion and finds each unavailing.

The plaintiff's motion most naturally resembles a motion pursuant to Rule 60(b)(1) for relief from the Judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect" because he alleges his attorney did not notify him of the dismissal or timely file a notice of appeal. However, Rule 60(b) should not be used as a substitute for a motion to extend the deadline for filing an appeal, which is provided for separately under Federal Rule of Appellate Procedure 4(a)(6). E.g., Garner v. Klein, 882 F. Supp. 66, 67-68 (S.D.N.Y. 1995); see also Otero v. Eisenschmidt, 01 Civ. 2562, 2006 WL 1321469, at *1-*2 (S.D.N.Y. May 16, 2006) (Magistrate's Report and Recommendation) (the court cannot vacate and reenter judgment merely to extend the time for appeal). To the extent that the plaintiff alleges that he was unaware of the status of his case because of failures on the part of his counsel, any failing by his attorney cannot excuse a failure to appeal for over four and a half years, although this does not foreclose any remedies he

3

may have against his attorney.  See, e.g., Jackson v. Refined Sugars, Inc., 24 F. Supp. 2d 322, 323-34 (S.D.N.Y. 1998); see also Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) ("[W]e have consistently declined to relieve a client under subsection (1) of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.'" (citation omitted)).  Furthermore, Rule 60(b) plainly limits the period for any argument predicated on subsection (1) to one year after the judgment was entered, and therefore any resort to this subsection would be untimely.  See, e.g., Ackermann v. United States, 340 U.S. 193, 197 (1950); Jackson, 24 F. Supp. 2d at 324.

   The plaintiff has made no plausible argument that subsections (2), (3), or (4) in Rule 60(b) are applicable to his motion, and any claims under subsections (2) and (3) would also be barred by the one-year filing limitation.  The plaintiff makes no explicit appeal to subsection (5), which allows relief when "it is no longer equitable that the judgment should have prospective application," but the Court nonetheless examines the applicability of that subsection in light of a change in decisional law that arose after the plaintiff's case was dismissed.  The plaintiff's entire Amended Complaint was

4

dismissed without prejudice because he failed to exhaust some, but not all, of his claims as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). See Saunders, 2002 WL 1751341 at *3. The Court of Appeals for the Second Circuit later held that the PLRA does not require the dismissal of an entire complaint where some claims are unexhausted, Ortiz v. McBride, 380 F.3d 649, 663 (2d Cir. 2004), and the Supreme Court more recently adopted the same view, Jones v. Bock, 127 S. Ct. 910, 923-26 (2007). A change in decisional law can in some circumstances form the basis for relief pursuant to Rule 60(b)(5). Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 757 n.4 (2d Cir. 1986); see also Agostini v. Felton, 521 U.S. 203, 215 (1997). However, in these cases relief is warranted because the judgment or order at issue has "prospective application" that would be unjust in light of the change in law. E.g., Agostini, 521 U.S. 215 (change in decisional law merited vacatur of a permanent injunction); Theriault v. Smith, 523 F.2d 601, 601 (1st Cir. 1975) (affirming vacatur of consent decree in light of a change in law after a Supreme Court decision). A judgment involving an injunction has "prospective application" within the meaning of the Rule, while money judgments do not. See DeWeerth v. Baldinger, 38 F.3d 1266, 1275-76 (2d Cir. 1994); see also Ryan v. U.S. Lines Co., 303 F.2d 430, 434 (2d Cir. 1962). In this case, the judgment

5

simply dismissed the action without prejudice and did not have "prospective application." Cf. Kirksey v. City of Jackson, 714 F.2d 42, 43 (5th Cir. 1983) (stating in dicta that a dismissal with preclusive effect could have "prospective application"). But see DeWeerth, 38 F.3d at 1276 (criticizing Kirksey dicta).

Finally, the catch-all provision, subsection (6), only applies when "extraordinary circumstances" justify relief and when those grounds are not covered by the first five subsections of Rule 60(b). See Nemaizer, 793 F.2d at 63; Jackson, 24 F. Supp. 2d at 324. A motion pursuant to Rule 60(b)(6) furthermore must be brought within a "reasonable time," and it "is not to be used as a substitute for appeal when appeal would have been proper." Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2d Cir. 1967); see also Ackermann, 340 U.S. at 197-98. Because the plaintiff argues that his attorney's deficient representation caused him to fail to file a timely appeal, his motion most likely falls under the "excusable neglect" reason stated in Rule 60(b)(1) and discussed above, which would foreclose any resort to Rule 60(b)(6). Nemaizer, 793 F.2d at 63; Rinieri, 385 F.2d at 822. However, even applying the standard for Rule 60(b)(6), the Court of Appeals for the Second Circuit has expressed a "disinclination" to find that even "gross negligence" on the part of counsel should relieve a client from a judgment. Nemaizer, 793 F.2d at 63. This Court declines to exercise its

6

part of counsel should relieve a client from a judgment. Nemaizer, 793 F.2d at 63.  This Court declines to exercise its discretion to grant relief here because the plaintiff has failed to allege sufficient "extraordinary circumstances" warranting relief.  Moreover, regardless of his attorney's conduct, the plaintiff's failure to inquire about the status of his own case, which had been dismissed without prejudice and remained closed for over four years, plainly shows that he has not brought this motion within a "reasonable time."  See Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (three and one-half year delay unreasonable).

## CONCLUSION

For all of the reasons discussed above, the plaintiff's motion pursuant to Rule 60(b) for relief from the Judgment dismissing his case without prejudice is **denied**.

**SO ORDERED**

Dated:   New York, New York
         May 7, 2007

John G. Koeltl
United States District Judge